IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| THREE A'S HOLDINGS, a Delaware | : | Case No. 06-10886 (BLS) |
| limited liability company, et al.,[1] | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | Re: Docket Nos. 2161 and 2172 |

### DEBTORS' EMERGENCY MOTION TO CONTINUE HEARING ON MAJAP INVESTMENTS LTD.'S MOTION FOR PARTIAL SUMMARY JUDGMENT WITH RESPECT TO DEBTORS' SUBSTANTIVE OBJECTIONS TO MAJAP'S PROOF OF CLAIM

The above-captioned debtors (collectively, the "Debtors"), by and through their undersigned counsel, hereby move to continue (the "Motion to Continue") the hearing on *Majap Investments Ltd.'s Motion for Partial Summary Judgment with Respect to Debtors' Substantive Objections to Majap's Proof of Claim* [Docket No. 2161] (the "Motion") and for entry of an order, substantially in the form attached as Exhibit A, granting such relief (the "Order"). In support thereof, the Debtors respectfully state as follows:

### JURISDICTION

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND

2. After having failed to respond for several months to the Debtors' settlement offer and refusing to engage in substantive discussions, Majap Investments Ltd.

---

[1] The Debtors are the following entities: Three A's Holdings, L.L.C., Jeremy's Holdings, LLC, Tower Direct LLC, 33rd Street Records, Incorporated, Pipernick Corp., M T S, Incorporated (d/b/a Tower Records), Columbus & Bay, Inc. and R.T. Records, Incorporated.

("Majap") filed the Motion without prior warning to the Debtors and, shortly thereafter, Majap filed its *Notice of Hearing to Approve Motion for Partial Summary Judgment with Respect to Debtors' Substantive Objections to Majap's Proof of Claim* [Docket No. 2172] (the "Notice") seeking to have the Motion heard at the omnibus hearing scheduled for November 17, 2008 at 2:00 pm (the "November 17 Hearing"). The Motion seeks summary judgment on complex issues of Scottish law, and the Debtors wish to ensure that the matters are fully and fairly briefed. As the Court is aware, the Debtors and Majap have been engaged in litigation and/or settlement discussions regarding Majap's alleged claim for a substantial period, and the brief extension requested by this motion would not prejudice either party but rather would permit the Court to have a record before it at the time of hearing on the Motion.

## RELIEF REQUESTED

3. The Debtors seek an order granting a continuance of the Motion to the hearing scheduled for December 18, 2008 (the "December 18 Hearing"), so that the Debtors may have sufficient time to brief their opposition, which will address the complex issues of Scottish law raised by Majap, requiring the Debtors' involvement of foreign counsel.

## BASIS FOR RELIEF

4. In the interest of preserving Debtors' assets, avoiding the unnecessary waste of judicial resources, promoting efficiency, and avoiding duplication of effort, this Court should grant the Motion to Continue. "The grant or denial of a continuance is a decision entrusted to the discretion of the trial judge." In re Alessandrello, 637 F.2d 131, 147 (3d Cir. 1980).

5. The requested brief continuance would avoid the prejudice to the Debtors that would result from opposing the Motion on what amounts to inappropriately short notice

given the circumstances. The Debtors have long been attempting to negotiate a settlement regarding Majap's alleged claim and Majap was unresponsive to the Debtors' settlement offer for a substantial period of time. Recent communications with Majap's counsel had led the Debtors to believe that Majap was still amenable to reaching a consensual resolution of this matter and that to the extent the Debtors remained open to further negotiations, it would continue the hearing on the Motion. Indeed, the Debtors are currently engaged in negotiations with Majap. However, after first representing to the Debtors that Majap would likely continue the hearing on the Motion to the omnibus hearing set for December 18, 2008 in the event of ongoing settlement negotiations (which occurred), Majap's counsel first advised the Debtors on November 4, 2008 that he planned to move forward with the Motion at the November 17 Hearing, but would confer with his client regarding the matter. On November 5, 2008 at 5:10 p.m. (ET) - less than two days before the Opposition was due - Majap's counsel advised the Debtors that Majap would not consent to either extending the hearing date on the Motion or the Debtors' response date. Additionally, the Debtors are obtaining the assistance of Scottish counsel in addressing the substantive issues of Scottish law underlying the Motion and, due to timing and logistics, require a reasonable time for Scottish counsel to respond.

      6. Affording the Debtors scant notice to defend against the Motion, when they through Majap's own conduct, reasonably believed they would have adequate time to negotiate a settlement or to obtain the involvement of Scottish counsel on matters involving Scottish law (on which the Motion is based) would be highly prejudicial to the Debtors. Moreover, permitting the matter to move forward would require the Court to rule on inadequate evidence and would obviate any potential for the matter to be consensually resolved.

7. Moreover, granting the continuance would not be prejudicial to Majap. As noted above, Majap's claim has been pending since the prior chapter 11 cases and the Debtors and Majap have been engaged in litigation as well as efforts to resolve their dispute over Majap's alleged claim for an extended period. A one-month extension will have no detrimental effect on the matter. The relief requested in the Motion will not resolve Majap's claim, in entirety in any event. However, limiting the time available for the Debtors to respond to assertions that complex issues of international law are ripe for summary judgment will require the expenditure of considerable estate resources without a concomitant benefit to any party.

8. Additionally, the Motion seeks a determination that, under Scottish law, Majap was not required to mitigate its damages. The Debtors are presently working with Scottish counsel regarding opposition to this assertion, which is a major component of Majap's claim. It would be unfair and prejudicial to the Debtors for the Motion to be heard regarding matters for which outside foreign counsel is required when the Debtors had no advance notice of the issue and less than two weeks to respond. Further, Majap's statements that it would likely be amenable to extending the hearing and response dates in the event of palpable settlement negotiations (which occurred), followed by their retraction on the eve of the response date militate in favor of granting the Debtors a reasonable period to respond to the Motion. In this context, when the Majap matter has already been continued for several months, granting Debtors a few additional weeks to reach a negotiated resolution or properly prepare to defend the Motion will not be prejudicial to Majap.

9. Finally, the Motion will likely be the only matter going forward at the November 17 hearing. Thus, by continuing the Motion, the interests of judicial efficiency are satisfied in that an unnecessary hearing might be avoided.

## NOTICE

10. Notice of this Motion has been provided to: (1) the Office of the United States Trustee for the District of Delaware, (2) counsel to the CIT Group/Business Credit, Inc., agent for the Debtors' senior secured creditors; (3) the Indenture Trustee for MTS's Unsecured Subordinated Notes; and (4) any parties demanding notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

**WHEREFORE**, the Debtors respectfully request that this Court enter an order substantially in the form attached hereto as Exhibit A, continue the hearing on the Motion, and grant such other and further relief as the Court deems just and proper.

Dated: November 5, 2008
      Wilmington, Delaware

Mark D. Collins (DE No. 2981)
Michael J. Merchant (DE No. 3854)
Christopher M. Samis (DE No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700

Stephen H. Warren
Karen Rinehart
O'MELVENY & MYERS LLP
400 South Hope St.
Los Angeles, California 90071
(213) 430-6000

ATTORNEYS FOR THE DEBTORS